IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

ORLANDO REDELL RANDALL #10670-078   §

v.                             §      CIVIL ACTION NO. 6:11cv324
                                         Crim. No. 6:03cr74

UNITED STATES OF AMERICA       §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Orlando Randall, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Randall pleaded guilty to and was convicted of possession of a firearm in relation to a drug trafficking crime, receiving a sentence of 60 months in prison, which was to run consecutively to any other sentence which Randall may be serving. The judgment of conviction was entered on April 9, 2004, and Randall did not take a direct appeal.

On May 10, 2011, Randall signed the present motion to vacate or correct his sentence. In his motion, Randall says that he completed his term of incarceration and was released to the supervision of the U.S. Probation Office to serve a four-year term of supervised release. He states that he is currently serving a sentence of 18 months for violating the terms and conditions of supervised release.

Randall argues that the imposition of the term supervised release is not mandated by the fact of imprisonment nor the fact of conviction, and that possession of a firearm in relation to a

1

drug trafficking crime is not, in and of itself, a violent offense. He cites a case from the Ninth Circuit called United States v. Liero, 298 F.3d 1175 (9th Cir. 2002), in which the petitioner argued that the district court was not authorized to impose supervised release and so lacked authority to punish them for violating its terms; however, the Ninth Circuit rejected this argument and affirmed Liero's conviction, including the term of supervised release.

In the present motion to vacate or correct sentence, Randall argues that: imposition of supervised release is not authorized by statute and is unconstitutional; specific sentencing factors were not considered with respect to the imposition of supervised release; the use of a criminal history category greater than one at sentencing, without a jury finding, violates Supreme Court precedent; the prosecutor suppressed evidence; and the sentence he received was not appropriate or just.

After review of the pleadings, the Magistrate Judge ordered Randall to show cause why his petition should not be barred by the statute of limitations. See Day v. McDonough, 547 U.S. 198, 210 (2006); Brown v. U.S., civil action no. 6:10cv500, 2010 WL 4818901 (E.D.Tex., October 27, 2010) (appeal dismissed) (applying Day to Section 2255 proceeding). Randall received a copy of this order on July 1, 2011, including notice that failure to respond could result in the dismissal of his petition as time-barred, but he has not responded in any way.

The Magistrate Judge issued a Report recommending that Randall's motion to vacate or correct sentence be dismissed as barred by the statute of limitations. The Magistrate Judge set out the law concerning limitations and determined that Randall's motion was filed outside of the limitations period. The Magistrate Judge also concluded that Randall had shown no basis for legal or equitable tolling of the limitations period. Finally, the Magistrate Judge recommended that Randall be denied a certificate of appealability *sua sponte*.

A copy of the Magistrate Judge's Report was sent to Randall at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and

legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services</u> <u>Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 8) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence is hereby DISMISSED with prejudice. It is further

ORDERED that the Movant Orlando Randall is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of February, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**